# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TRAVIS JONATHAN MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:17-CV-211 (MTT) |
| ) | |
| Warden CEDRIC TAYLOR, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends that Defendants Deputy Warden Larry Jordan and Captain Dexter Spikes's motion to dismiss (Doc. 17) Plaintiff Travis Jonathan Mitchell's 42 U.S.C. § 1983 claims for failure to exhaust be denied. Doc. 37. In addition, the Magistrate Judge recommends that Mitchell's motion to dismiss the Defendants' motion as untimely (Doc. 24) be denied. Doc. 37. Mitchell has not objected to that recommendation, and the Court **ADOPTS** the proposed findings, conclusions, and recommendation of the Magistrate Judge. However, the Defendants have objected to the recommendation that their motion to dismiss be denied (Doc. 39), and, for the reasons stated herein, that objection is sustained and the recommendation is **REJECTED**.

Mitchell alleges that the Defendants were deliberately indifferent to a substantial risk of serious harm, and thus violated his Eighth Amendment rights, when they failed to confiscate a weapon in the possession of another inmate, which that inmate used to injure Mitchell. Doc. 6 at 6-7. The Defendants moved to dismiss Mitchell's complaint

for failure to exhaust his administrative remedies, claiming that he failed to follow the prison grievance procedures. Doc. 17. Applying the two-step inquiry under *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008), the Magistrate Judge found that, at the first step, it was not clear that Mitchell had failed to exhaust and that the Defendants had not carried their burden in the second step. Doc. 37 at 5-8. The Defendants object to both of these findings. Doc. 39.

The Prison Litigation Reform Act of 1995 (PLRA) requires that prisoners exhaust the available administrative remedies before filing a lawsuit under § 1983. 42 U.S.C. § 1997e(a). And "'when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.'" *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000)). To properly exhaust, a prisoner must use all available remedies and comply with procedural rules and deadlines of the applicable state grievance system. *See Bryant v.* Rich, 530 F.3d 1368, 1378 (11th Cir. 2008); Woodford *v. Ngo*, 548 U.S. 81, 93 (2006); Johnson, 418 F.3d at 1158-59. Unexhausted claims must be dismissed. *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (*per curiam*); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998).[1] In *Turner*, the Eleventh Circuit has provided a two-step process for reviewing motions to dismiss for failure to exhaust. 541 F.3d at 1085. First, the court

---

[1] Exhaustion is not a jurisdictional defense, but according to the Eleventh Circuit, it is similar to a jurisdictional defense in that it "is a matter of abatement, and ordinarily does not deal with the merits." *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008) (quotations and citations omitted). Therefore, exhaustion may be considered in a motion to dismiss, and "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id*. at 1376 (citations omitted).

> looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.

*Id.* at 1082-83. Next, if the complaint is not due to be dismissed under step one, the court

> proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. . . . Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Id.*

Under the Georgia Department of Corrections (GDC) Standard Operating Procedure (SOP), a prisoner must file an "original grievance" "no later than 10 calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance." Doc. 17-2 at 17-18. There is then a 40-day response period for grievances, which may be extended by 10 days. *Id.* at 20. Failure to receive a response is considered a denial, which can be appealed after "the time allowed for the Warden's decision to be given to the offender has expired." *Id.* Further, a prisoner must file a central office appeal of a denial within "7 calendar days" from (1) when the prisoner receives the rejection; (2) the prisoner receives a decision on the grievance; or (3) the time for a decision has expired. *Id.* at 22. "The Commissioner or his/her designee [then] has 100 calendar days . . . to deliver a decision to the offender" regarding the appeal. *Id.* at 23. Therefore, to fully exhaust, a plaintiff must file a grievance and then timely appeal. However, grievances that allege "sexual assault and physical force involving non-compliance with Department policies" need not be

appealed. *Id.* at 21-22. Those grievances are referred to an Internal Investigations Unit, which "automatically ends the grievance process." *Id.*

The Magistrate Judge found that Mitchell's complaint was not due to be dismissed at *Turner*'s step one because there was a possibility that the grievance alleged "physical force involving non-compliance with Department policies" and thus Mitchell did not have to appeal. The Magistrate Judge stated that "[i]f Plaintiff's grievance did not 'involv[e] . . . physical force involving non-compliance with Department policies,' then even according to his own allegations, Plaintiff failed to exhaust." Doc. 37 at 6. The Defendants now point out that the SOP defines an allegation of "Physical Force Non-Compliance" as "*staff use of force*" that violated "the intent of and the purpose of GDC written policy and procedures."[2] Doc. 17-2 at 12 (emphasis added). Accordingly, the exception for when a prisoner does not have to appeal does not apply to Mitchell's grievance because he did not allege sexual assault or *staff* use of force; instead, Mitchell alleged force by another prisoner caused by staff negligence. *See id*; *cf. White v. Staten*, 672 F. App'x 919, 923 (11th Cir. 2016) (applying a similar provision to an allegation of excessive force). Therefore, Mitchell was required to timely appeal any denial of a grievance to exhaust his administrative remedies, and, as discussed below, accepting Mitchell's version of the facts as true, he failed to do so.

Mitchell first filed a grievance regarding the December 10, 2015 attack by another inmate on December 17, 2015. Doc. 25 at 2-3. Mitchell never received a response to that grievance, and thus it was considered denied, but there is no evidence, and Mitchell does not dispute, that he failed to file a central office appeal regarding this

---

[2] The Court has broad discretion to consider new arguments raised in an objection. *Stephens v. Tolbert*, 471 F.3d 1173 (11th Cir. 2006).

-4-

grievance.  Doc. 25-1 at 3.  Therefore, it is clear at *Turner*'s step one that he failed to exhaust his administrative remedies regarding that grievance.  Further, even according to Mitchell's version of events, he failed to exhaust his administrative remedies regarding his "second original grievance" as well.  After not receiving a response for his first grievance, Mitchell drafted a second grievance on January 31, 2016, which he filed on February 4, 2016.  Doc. 25-1 at 3.  The 40-day response period for this grievance ran on March 15, 2016.  *Id.*  On May 10, 2016, this second grievance was denied as untimely, and Mitchell was notified of that denial on that day.  Docs. 25 at 4; 25-1 at 4.  Mitchell did not sign the acknowledgement of that rejection until August 12, 2016.  Docs. 19-2 at 5; 25-1 at 4; 30 at 2.  But Mitchell alleges he filed a central office appeal of his second original grievance on May 20, 2016.  Docs. 25 at 4; 25-1 at 2.  However, even accepting this allegation as true, this appeal fell outside the seven-day window in which Mitchell could appeal the denial.  Thus, even based on his version of events, Mitchell failed to properly exhaust his administrative remedies, and his complaint is due to be dismissed at *Turner*'s step one.  Accordingly, the Defendants' motion to dismiss for failure to exhaust is **GRANTED**.

In sum, the recommendation (Doc. 37) is **ADOPTED** in part and **REJECTED** in part.  Regarding Mitchell's motion to dismiss the Defendants' motion to dismiss as untimely, the recommendation is **ADOPTED**, and that motion (Doc. 24) is **DENIED**.  The recommendation that the Defendants' motion to dismiss for failure to exhaust administrative remedies be denied is **REJECTED**.  That motion (Doc. 17) is **GRANTED**,

and Mitchell's claims are **DISMISSED without prejudice** for failure to exhaust administrative remedies.[3]

**SO ORDERED**, this 19th day of September, 2018.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[3] The applicable two-year statute of limitations may have run. It is therefore possible that the dismissal is, in effect, equivalent to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *See Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). Although mandatory, the exhaustion requirement is not jurisdictional. *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007). Several Circuits have held that the statute of limitations is "tolled while a prisoner completes the mandatory exhaustion process." *See Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2005). The Eleventh Circuit has declined to hold that equitable tolling applies, but it has stated that the statute of limitations may be tolled while a prisoner exhausts administrative remedies. *See Napier v. Preslicka*, 314 F.3d 528, 534 n.3 (11th Cir. 2002) (citing *Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002)) ("We proffer, but do not hold, as that issue is not before us, that . . . the doctrine of equitable tolling, as other circuits have applied that doctrine to the administrative exhaustion requirement for prison condition suits[, may apply]."); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001) ("Because the statute of limitations may have been tolled on account of [the Plaintiff]'s exhaustion of administrative remedies, it does not appear beyond a doubt from the complaint itself that Leal can prove no set of facts which would avoid a statute of limitations bar." (citation omitted)). Again, the Eleventh Circuit has not addressed the issue. But it has suggested that Georgia's renewal statute, O.C.G.A. § 9-2-61, applies in 42 U.S.C. § 1983 cases. *See Scott v. Muscogee Cty.*, 949 F.2d 1122, 1123 (11th Cir. 1992). But even if the Plaintiff is barred from refiling this claim, dismissal is appropriate. The Plaintiff has had multiple opportunities to amend his complaint and to supplement the record regarding his administrative grievances; moreover, the Plaintiff was advised of the effect of a motion to dismiss for failure to exhaust. *See, e.g.*, Docs. 18; 25. The record, so supplemented, shows that the Plaintiff has failed to exhaust his administrative remedies as to these claims. *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 ("We do not mean to say today that a failure to exhaust can never correctly result in a dismissal with prejudice." (citing *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005); *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004))).