IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRAVIS JONATHAN MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:17-CV-211 (MTT) |
| ) | |
| Warden CEDRIC TAYLOR, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Plaintiff Travis Mitchell has filed an application to appeal *in forma pauperis*. For the following reasons, that application (Doc. 47) is **GRANTED**.

The Plaintiff seeks to appeal from judgment in favor of the Defendants (Doc. 42) following the Court's Order (Doc. 41) granting the Defendants' motion to dismiss (Doc. 39) for failure to exhaust. Docs. 43; 48-1. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. The Plaintiff is unemployed and has no cash or money in bank accounts or valuable assets. Doc. 47 at 1-2. He has $10.00 in his account at Hays State Prison, and over the last six months, he has had an average balance of $1.67 in that account and average monthly deposits of $0. *Id.* at 3. Based on this information, the Court finds that the Plaintiff has demonstrated poverty under 28 U.S.C. § 1915 and is unable to pay court fees.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong,

however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although the Plaintiff has not submitted a statement of the issues he intends to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), review of the "Plaintiff's Appeal to District Court's Recommendation to Dismiss" (Doc. 48-1), filed in the Court of Appeals for the Eleventh Circuit, demonstrates that the Plaintiff's appeal is not frivolous. The appeal appears to turn on a finding of the Magistrate Judge to which the Plaintiff did not object: a finding that he had received a response to his second grievance on May 10, 2016. Docs. 37 at 5; 41 at 5. Typically, the failure to object would prevent the Plaintiff from challenging this finding on appeal. However, the Plaintiff here is proceeding pro se, and as explained in more detail below, the Recommendation was ultimately in favor of the Plaintiff, so he arguably had no practical reason to object. Given the unusual manner in which this case progressed, the Court is not convinced that the Plaintiff's failure to object renders this appeal frivolous.

The Magistrate Judge found that the Plaintiff submitted two grievances. Doc. 37 at 5. The first was filed on December 17, 2015. *Id*. The Plaintiff alleges he did not receive a response to the first grievance, so he filed a second grievance on February 4, 2016. *Id*. That second grievance was denied as untimely on May 10, 2016. *Id*. The Plaintiff appealed the denial on May 20, 2016. *Id*. That much is undisputed.

But, in his appeal, the Plaintiff now disputes the Magistrate Judge's finding that he was notified of the decision denying the second grievance on May 10, 2016 and thus his May 20, 2016 appeal, absent some exception, was untimely.[1] Doc. 37 at 5.

Arguably, there was no practical reason for the Plaintiff to object to that finding

---

[1] The Georgia Department of Corrections Standard Operating Procedures ("SOP") require a prisoner to appeal a grievance within seven days of receiving the decision. Doc. 17-2 at 22.

-3-

because the Magistrate Judge found the SOP's use of force exception to the seven-day appeal requirement may have applied because the grievance alleged physical force. *Id.* at 5. The Magistrate Judge, therefore, recommended denying the motion to dismiss because the Defendants had not shown the Plaintiff failed to exhaust his administrative remedies. *Id.* at 4, 9.

The Defendants objected to the Recommendation, pointing out that the use of force exception did not apply, because that exception was limited to grievances alleging use of force by *prison staff*. Doc. 39 at 5. The Court agreed, and, based on the Magistrate Judge's unobjected-to finding that the Plaintiff had received the denial of his grievance on May 10, 2016 and did not appeal until May 20, 2016, the Court determined that the Plaintiff's appeal was untimely and, consequently, that he failed to exhaust his administrative remedies. Doc. 41 at 5. Accordingly, the Court rejected the Recommendation, granting the Defendants' motion to dismiss. *Id.*

On appeal, the Plaintiff argues he did not receive a decision on the second original grievance until August 12, 2016, and he claims to have documentation proving the point. Doc. 48-1 at 1-2. If that is the case, his claim may not be barred by his failure to timely file a grievance appeal.

The Court is not saying the Plaintiff should be excused for his failure to object. The Magistrate Judge informed the Plaintiff that the failure to object to his findings would result in waiver of the "'right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]'" Doc. 37 at 9 (quoting 11th Cir. R. 3-1). Rather, the Court simply concludes, under the circumstances, that the Plaintiff's appeal is not frivolous. Accordingly, the Plaintiff's application to appeal *in*

*forma pauperis* (Doc. 47) is **GRANTED**.

Although the Plaintiff's motion to proceed *in forma pauperis* on appeal is granted, he is still responsible for the full payment of the appellate filing fee. In accordance with the PLRA, the Warden of the institution wherein the Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to the Plaintiff's account at said institution until the $505.00 appellate filing fee has been paid in full. The Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. Collection of monthly payments from the Plaintiff's trust fund account shall continue until the entire $505.00 has been collected, notwithstanding the results of this case. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager at the Plaintiff's place of incarceration.

**SO ORDERED**, this 17th day of December, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
